## Blecker's Tax Appeal.

*Taxation—Valuation of real estate—Appeals from assessments—Appeal by assessor—Valuation—Conflict of evidence.*

1. While assessors are prohibited from appealing from the valuation upon real estate fixed by the board of revision, the prohibition is directed against the assessor in his official, not his individual, capacity. An assessor may appeal as an individual from the valuation set upon his own property.

2. The valuation placed upon real estate by the board of revision, for purposes of taxation, is presumed to be correct. If the evidence as to the actual value upon an appeal is conflicting, but the preponderance of it sustains the valuation fixed, the appeal should be dismissed.

3. Upon an appeal from valuation by the board of revision, comparison may be made with relation to assessments in general, but not with a few isolated instances.

Appeal from valuation by Board of Revision of Taxes. C. P. Montour Co., Oct. T., 1922, No. 1.

*R. S. Ammerman*, for appellant; *Ralph Kisner*, for appellees.

POTTER, P. J., 17th judicial district, specially presiding, July 25, 1922.—This is an appeal by Alfred Blecker, the Assessor of Cooper Township, Montour County, from the valuation placed on his farm, for the purposes of taxation, by the County Commissioners of Montour County, sitting as a board of revision of taxes.

His farm, according to the assessment register, contains ninety-four acres, but, according to his deed, it contains 100 acres, and had been assessed at $5545 for the past fifteen or twenty years.

The Board of Revision increased this assessment to $6000, which was done after the last triennial assessment was made, and from this increase of $455 Mr. Blecker has appealed.

Briefly stated, the main facts as brought out by the testimony of the appellant and his witnesses are as follows:

2 D. & C.

Blecker's Tax Appeal.

That he is the acting and qualified Assessor of Cooper Township, Montour County; that in making the last triennial assessment, he assessed his farm at $5545; that this farm had been assessed at this sum for the past fifteen to twenty years; that the Board of Revision raised this assessment to $6000; that, after getting the assessment register back into his hands, he changed his assessment from $6000, as revised by the Board of Revision, back to $5545, as in the first instance made by him; that there was some trouble about this assessor obeying his instructions from the County Commissioners relative to the performance of his official duties; that he did not make the assessment of Cooper Township on a cash basis, as is required by law, but that he made it on a basis of 60 per cent., assessing each property at 60 per cent. of what he considered its market value; that he would sell his farm for $8000, this market value being placed on it by him when he was hard pressed for his reply to the question on cross-examination; that with his farm assessed at $6000 there is not a uniformity of the assessment of real estate in Cooper Township. Two witnesses were called in his behalf who testified that his farm was worth $8000 to $9000 in the market.

The testimony on the part of the appellees principally tends to prove as follows: That Mr. Blecker's farm is worth in the market from $10,000 to $13,000; five witnesses, near neighbors of his, swearing to these estimates, and one additional witness testified the farm was worth from $8000 to $11,000.

The sole question to be passed upon is whether Mr. Blecker's farm is valued too high at $6000, and whether or not his valuation at that sum should be lowered, and, if so, how much.

It may be well to say now that the law requires an assessment at the market price. In this case that was not done, it having been made on a basis of 60 per cent. of the market value, which we will not attempt to disturb.

The point has been raised at argument that an assessor cannot appeal. If that is true, that is the end of this appeal, the appellant being the assessor. In support of this proposition we are referred to the case of Com. ex rel. v. Siebert, 7 Pa. Justices' Law Repr. 227, in which we find the following: "The right to appeal to the Common Pleas from a particular assessment is given only to the individual land owner aggrieved thereby, and not to the assessors, or to the public, or to the municipal authorities, or to other taxpayers; as to all these the decision of the Board of Revision is final, except perhaps in extraordinary cases."

While "assessors" appear to be prohibited from appealing, we are inclined to the opinion that this language refers to an assessor or to assessors in their official capacity. An assessor may not prosecute an appeal as such assessor for or on behalf of an individual. Neither can the public, or a municipality, or another taxpayer, but each individual must prosecute his appeal for and on behalf of himself. In this case Alfred Blecker is prosecuting his appeal, not as an assessor, for or on behalf of some other person, but for himself, with the same force and effect as if he was not the assessor, but as an individual. We see no reason why he cannot in his own behalf appeal.

We are free to say that Mr. Blecker committed an error when, after the Board of Revision raised his valuation to $6000, he again, in the same assessment register, of his own volition, substituted his former assessment of $5545. As an assessor, he is subservient to the Board of Revision, and any change they see proper to make in his assessment supersedes his valuation, and, so far as he is concerned, is final.

And now we come to the bone of contention. Is his valuation at $6000 too high?

Blecker's Tax Appeal.

We cannot help but comment on the fact that for fifteen to twenty years this valuation has stood at $5545. During the past few years, when land had advanced in value and in assessed value, his valuation remained the same. We have ample and preponderating testimony which conclusively shows to us that his farm, in the market, is worth from $10,000 to $13,000, this testimony coming from his near neighbors. If he made the assessment on a 60 per cent. basis, taking $10,000 as the market value of his farm, being the least sum mentioned by any of the five witnesses for the appellees, his valuation at $6000 is not too high. And if his farm is worth only $8000, as testified to by him, then, on an assessment on a 60 per cent. basis, he should have assessed his farm at $4800. If we accept the testimony of the witnesses for the appellees at a market value of $11,000 or $12,000, then his assessment is still too low. Another fact we cannot refrain from commenting upon is that Mr. Blecker saw fit to raise the assessed value of quite a few of his neighbors, but did not correspondingly raise his own. What is good for one in this great land of equal rights should be good for another. And if the real estate of his neighbors had advanced in value, it is no more than reasonable to presume that his farm had advanced correspondingly. This was not done. The timber was sold from his farm six years ago, according to his own testimony, and if the sale of this timber decreased the value of his farm, the decrease should have been noted six years ago, when the timber was sold. Not having been done then, we have a right to assume that the decrease was not appreciable. It does not seem quite consistent to, at the end of six years, claim a decrease in value for the timber sold. Any claim of decrease on this account should have been made at that time promptly, and not having been done, it is fair to presume Mr. Blecker did not regard the sale of this timber as decreasing the value of his farm. It is too late to make a demand for it at this late day.

The valuation placed on land by the Board of Revision is presumed to be correct, and the burden is on the appellant to overcome this presumption: Scott's Appeal, 11 Del. Co. Reps. 331.

There is some slight conflict in the testimony as to the market value of Mr. Blecker's farm, but we cannot help coming to the conclusion that the preponderance of it shows his valuation at $6000 on a 60 per cent. basis is not too high.

On an appeal to court from assessment of real estate for taxation, if evidence as to the valuation be conflicting, but most of it sustains the valuation fixed, it should not be disturbed: Steinman's Appeal, 33 Lanc. Law Rev. 243.

On the hearing of this case we were asked to admit testimony of the value of a few neighboring tracts assessed below the uniform standard. Whether they were assessed below the uniform standard or not, we are unable to say, but we are of the opinion that we cannot hear evidence of a few isolated instances of lower valuation.

It is the tract of land relative to which this appeal is taken that we are considering, and a comparison may be made with relation to the township assessments in general, but not a few instances: R. R. & M. Co. v. County Commissioners, 229 Pa. 436.

Being governed by a preponderance of the testimony submitted in this case, this appeal will have to be dismissed.

And now, to wit, July 25, 1922, for the reasons given in this opinion, the appeal is dismissed.

July 25, 1922, an exception is noted for the appellant and a bill is sealed.

From Charles P. Ulrich, Selins Grove, Pa.